## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GARFIELD GREEN,<br>AXXX-XXX-132, | ) | |
| | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **Case No. 21-cv-1037-SMY** |
| | ) | |
| DAMON ACUFF, Warden, Pulaski County<br>Detention Center,<br>MERRICK GARRAND, Attorney General,<br>ALEJANDRO MAYORKAS, Secretary,<br>Department of Homeland Security,<br>TAE JOHNSON, Acting Director, U.S. ICE,<br>and HENRY LUCERO, U.S. ICE Director,<br>Chicago Field Office, | ) ) ) ) ) ) ) ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Garfield Green is currently in immigration detention at the Pulaski County Detention Center in Ullin, Illinois ("Pulaski"). He filed an Emergency Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on August 20, 2021, seeking immediate release on the grounds that his potential exposure to the Delta variant of the COVID-19 virus while confined at Pulaski violates his due process right to be free from punitive conditions of confinement and to receive adequate medical care. (Doc. 1).

The Petition raises the following allegations: Green is a 46-year-old Jamaican national who has resided in the U.S. since 1998, gaining Permanent Resident status in February 2004. His wife is a U.S. Citizen as are their 2 minor children. (Doc. 1, p. 4). He was charged with removability from the U.S. in May 2021 based on a theft conviction and another felony

categorized as a "crime of violence." (Doc. 1, pp. 4-5; Doc. 1-1, pp. 2, 5, 8-10).[1] His removal proceedings were continued on June 8, 2021 so that his wife could file for adjustment of status on his behalf and for Green to seek a waiver of inadmissibility. Green does not disclose the duration of his detention by ICE in his Petition.

Green claims he is at elevated risk for serious medical complications if he were to contract the Delta variant of COVID-19 due to his medical conditions, which include high blood pressure, high cholesterol, chronic heart disease, diabetes, depression, and chronic liver disease. (Doc. 1, pp. 6-7). He previously contracted COVID in February 2021 while in prison and became critically ill, with continuing symptoms of chest pain and fatigue. *Id.* He asserts that his housing area in Pulaski is overcrowded with 55 detainees in an area with capacity for only 40 (Doc. 1, pp. 7-8), that detainees cannot maintain social distancing and staff do not wear PPE, and that he also faces hardship because he is an amputee who mobilizes with a wheelchair and Pulaski is not wheelchair accessible. (Doc 1, p. 6).

This matter is now before the Court for a preliminary review of the Petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon preliminary review of the Petition by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus proceedings, such as this action.

---

[1] Green's attached documents show he has a 2006 New York conviction for 3rd degree assault, and a July 28, 2017 conviction for Hobbs Act Robbery in the Southern District of New York. He was sentenced to 5 years in prison for that conviction. (Doc. 1-1, pp. 2, 5).

Without commenting on the merits of Green's claims, the Court concludes that the Petition survives preliminary review under Rule 4.  Accordingly, a response will be ordered.[2]

### Disposition

Respondents are **ORDERED** to answer the Petition or otherwise plead on or before **September 20, 2021**.[3]  This preliminary Order to respond does not preclude Respondents from raising any objection or defense they may wish to present. Service upon Acuff, Warden of the Pulaski County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992 shall constitute sufficient service on him as the immediate custodian.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send the letter constituting service, Petition, and this Order via registered or certified mail to Merrick Garrand, Attorney General of the United States (in his official capacity); to Alejandro Mayorkas, Secretary of the United States Department of Homeland Security (in his official capacity); to Tae Johnson, Acting Director of U.S. Immigration & Customs Enforcement (or his successor, in his/her official capacity); and to Director of the Chicago Field Office of Immigrations & Customs Enforcement Henry Lucero (in his official capacity).

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the letter constituting service, the Petition, and this Order to the United States Attorney for the Southern District of Illinois, and to send a copy of the letter constituting service, Petition, and this Order via registered or certified mail to the United

---

[2] Ordinarily, the only proper respondent in a habeas petition is the petitioner's immediate custodian – in this case, Warden Acuff.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006).  However, given the relief sought by Green, the Court deems it appropriate to retain the additional federal government Respondents as parties to the action, at least at this early stage.

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

States Immigration & Customs Enforcement.

Green is **ADVISED** of his continuing obligation to keep the Clerk (and Respondents) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 30, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
