IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARFIELD GREEN, ) | |
| AXXX-XXX-132, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 21-cv-1037-SMY |
| ) | |
| DAMON ACUFF, Warden, Pulaski County ) | |
| Detention Center, ) | |
| MERRICK GARLAND,[1] Attorney General, ) | |
| ALEJANDRO MAYORKAS, Secretary, ) | |
| Department of Homeland Security, ) | |
| TAE JOHNSON, Acting Director, U.S. ICE, ) | |
| and HENRY LUCERO, U.S. ICE Director, ) | |
| Chicago Field Office, ) | |
| ) | |
| Respondents. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Garfield Green filed an Emergency Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on August 20, 2021. (Doc. 1). At the time, he was in immigration detention at the Pulaski County Detention Center in Ullin, Illinois ("Pulaski"). Green sought release on the grounds that his potential exposure to the new Delta variant of the COVID-19 virus while confined at Pulaski violated his due process right to be free from punitive conditions of confinement and to receive adequate medical care.

Respondents filed a Motion to Dismiss and Response opposing the Petition on September 20, 2021. (Doc. 11). By then, Green had been moved from Pulaski to the Chase County Jail in

---

[1] The Petition incorrectly spelled the Attorney General's surname as "Garrand." (Doc. 1, p. 1). The Clerk will be directed to correct the error.

1

Cottonwood Falls, Kansas, where he remains.[2] (Doc. 11, pp. 1, 5; Doc. 9). Green was given until October 20, 2021 to respond to the motion to dismiss and was warned that his failure to file a response may be deemed an admission of the merits of the motion under Local Rule 7.1(c). (Doc. 14). That deadline has come and gone, and Green failed to file a response or any further communication with the Court.

Based upon the Court's review and consideration of the Petition and Motion to Dismiss, and for the following reasons, Green's request for habeas corpus relief is **DENIED.**

## Background

Green is a 46-year-old Jamaican national who has resided in the U.S. since 1998, gaining Permanent Resident status in February 2004. His wife is a U.S. Citizen as are their two minor children. (Doc. 1, p. 4). In May 2021, Green was charged with removability from the U.S. based on two convictions of "aggravated felonies" and "crimes of moral turpitude." (Doc. 11, p. 4). In 2006, Green was convicted of assault in a New York state court and sentenced to probation, and in 2017 he was convicted of federal Hobbs Act robbery and sentenced to five years in prison. (Doc. 1, pp. 4-5; Doc. 1-1, pp. 2, 5, 8-10; Doc. 11, pp. 1, 3).

Green was taken into immigration custody on May 3, 2021. (Doc. 11, p. 4). On June 15, 2021, an Immigration Judge ("IJ") found Green removable but concluded he was eligible to apply for readjustment of his status with a waiver under 8 U.S.C. § 1182(h). (Doc. 1, p. 5; Doc. 11, p. 4). Green's Petition for Alien Relative (Form I-130) has been filed and was still under review at the time the Motion to Dismiss was filed. (Doc. 11, p. 4). The IJ continued his removal proceedings until October 26, 2021 pending consideration of the Form I-130.

---

[2] The Court retains subject matter jurisdiction over the Habeas Petition even though Green has been moved to a detention facility outside this District, because the Petition was properly filed here under 28 U.S.C. § 2241 while Green was imprisoned at Pulaski. *See Rumsfeld v. Padilla*, 542 U.S. 426, 440 (2004) (citing *Ex parte Endo*, 323 U.S. 283, 306 (1944)).

2

**Discussion**

Green claims that if he were to contract the Delta variant of COVID-19, he is at elevated risk for serious medical complications or death due to his medical conditions, which include high blood pressure, high cholesterol, chronic heart disease, diabetes, depression, and chronic liver disease.[3] (Doc. 1, pp. 6-7). He previously contracted COVID-19 in February 2021 while in prison and became critically ill, with continuing symptoms of chest pain and fatigue. *Id.* He asserted that his housing area in Pulaski was overcrowded, detainees were unable to socially distance, staff did not wear PPE, and that his status as an amputee who mobilizes with a wheelchair placed him at additional risk. (Doc 1, pp. 6-8).

Respondents note that Green was vaccinated against COVID-19 with the two-dose Moderna vaccine in May and June 2021 while in ICE custody. (Doc. 11, p. 5). They assert that Green was seen by medical staff at Pulaski on a daily basis for diabetes care as well as for his other medical needs. (Doc. 11, pp. 7-8). Respondents argue for dismissal because Green's Petition is grounded on allegedly unconstitutional conditions of confinement at Pulaski – and those issues are now moot because Green is no longer housed there. (Doc. 11, pp. 8-11). They argue in the alternative that habeas corpus relief cannot be premised on conditions of confinement (Doc. 11, pp. 11-15), that Green cannot prevail on the merits because he has been vaccinated against COVID-19 (Doc. 11, pp. 15-17), and that he cannot be released because 8 U.S.C. § 1226(c) mandates his continued detention. (Doc. 11, p. 18).

To present a justiciable issue, a habeas petition must present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial

---

[3] Green's Petition does not raise a claim for release based on the duration of his immigration detention, which is approximately six months as of the date of this Order.

3

decision." *Spencer v. Kemna,* 523 U.S. 1, 7 (1998) (internal citation omitted). A habeas petition that no longer presents a "case or controversy" is moot. *Id.* Here, the Court finds Respondents' mootness argument compelling, especially in light of Green's failure to respond to the motion to dismiss. Green cannot maintain a claim for relief based on the conditions of his confinement at Pulaski, because he was transferred from that facility to the jail in Cottonwood Falls, Kansas, on September 4, 2021 – just over two weeks after filing his Petition. (Doc. 11-1, p. 6). Moreover, there appears to be no chance that Green will be returned to Pulaski because Illinois facilities are no longer housing ICE detainees. (Doc. 11, p. 5; Doc. 11-1, pp. 5-6). To be sure, Green remains in immigration custody, and grounds may exist that would warrant habeas corpus relief. However, no such grounds have been presented here.[4]

## Disposition

For the foregoing reasons, Petitioner Garfield Green's Emergency Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED**. The dismissal is without prejudice to Green filing a future habeas corpus action in his district of confinement.

The Clerk of Court is **DIRECTED** to correct the spelling of Attorney General Merrick GARLAND's name on the docket, to enter judgment and to close this case.

**IT IS SO ORDERED.**

**DATED: November 4, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

---

[4] In light of the above finding on mootness, the Court finds it unnecessary to address the issue of whether habeas corpus is a proper vehicle to seek relief based solely on a claim of unconstitutional conditions of confinement, or the other arguments raised by Respondents.